## HANSON *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 7, October Term, 1951.]

*Decided November 1, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus*. The applicant was

sentenced to five years on a charge, to which he plead guilty, of storehouse breaking, larceny and receiving stolen goods. A previous application for leave to appeal was denied by this court on October 5, 1950. *Hanson v. Warden*, 196 Md. 669, 75 A(2) 924. *Certiorari* was denied by the Supreme Court. 340 U. S. 879, 71 S. Ct. 117.

The applicant now contends that his sentence was excessive, in that Code, Article 27, Sec. 389 (1947 Suppl.) provides a maximum penalty of eighteen months for the offense of breaking into a storeroom with intent to steal chattels under the value of $25.00. Code, Article 27, Sec. 388 (1947 Suppl.) likewise provides a penalty of eighteen months for the larceny of goods under the value of $25.00. However, Code, Article 27, Sec. 34 (1947 Suppl.) provides that upon conviction of breaking into a storeroom with intent to steal goods of another of the value of $25.00 or more therefrom, the sentence shall be not more than ten years, while Code, Article 27 Sec. 35 (1947 Suppl.) provides that upon conviction of breaking into a storeroom and stealing any chattels to the value of $1.00 or upwards, the sentence shall be from two to ten years.

The first count of the indictment was laid under Sec. 34, and by his plea of guilty the applicant became liable to the penalty there prescribed. It is quite immaterial that the second and third counts charged the larceny and the receipt of stolen goods to the value of only $4.25. The first count was not so limited, and the fact that no count was laid under Sec. 35 cannot affect the outcome.

*Application denied, with costs.*